UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/12/19

PHILIP SULLIVAN, JR. *on behalf of himself and all others similarly situated*,

Plaintiff,

v.

JERSEY STRONG LICENSING LLC,

Defendant.

No. 18-CV-7753 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Philip Sullivan, Jr. filed this action alleging that Defendant Jersey Strong Licensing LLC discriminated against him, and others similarly situated to him, in operating a website that denies deaf and hard-of-hearing people full and equal access to the goods and services it provides. Plaintiff brings claims under Title III of the Americans with Disabilities Act, the New York State Human Rights Law, New York Executive Law, New York City Human Rights Law, and the New York City Administrative Code, for declaratory and injunctive relief and compensatory damages. Defendant has moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. For the reasons stated below, the Court grants Defendant's motion to dismiss and denies Plaintiff's motion for jurisdictional discovery.

## BACKGROUND[1]

Plaintiff is a legally deaf individual who resides in New York. Defendant is a for-profit corporation based in New Jersey that owns a chain of fitness gyms and operates

---

[1] The facts contained herein are drawn from pleadings and affidavits submitted by the parties, and are construed in a light most favorable to Plaintiff. *See DiStefano v. Carozzi North Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). "In considering motions to dismiss pursuant to Rule 12(b)(2), the court may look beyond

https://www.jerseystrong.com (hereinafter the "Website"), "which provides information and services in health, fitness, and exercise." Complaint ¶ 29. "The Website allows the user to read articles, as well as browse videos and photos relating to exercising and maintain[ing] a healthy lifestyle." *Id.* ¶ 31. Users can also access online accounts, claim gym passes, and fill out forms for advertising opportunities on the Website. *See* Opp. at 1, Exs. A–C. The Website is accessible throughout the United States, including in New York. Compl. ¶ 30. Plaintiff alleges that the Website "sells to tens of millions of people [sic] across the United States[,]" *Id..* ¶ 29, and derives substantial revenue from interstate commerce. *See* Opp. at 4.

In support of its motion, Defendant has submitted a declaration asserting that it is not registered to do business in the state of New York, and does not offer any products or services for sale in New York, generate revenue from its website in New York, derive substantial revenue from interstate commerce, maintain gym memberships for New York residents, solicit New York companies to advertise at Jersey Strong, or receive advertising revenue from New York companies. *See* Def. Decl. ¶¶ 2–7.

In March 2018, Plaintiff accessed the Website in New York to watch a video entitled "One on One." Because the video lacked closed captions, Plaintiff was unable to comprehend its content. As a result of his inability to enjoy Defendant's Website, Plaintiff accuses Defendant of various civil rights violations for failing to make the Website accessible to deaf and hard-of-hearing persons.

---

the pleadings, including to affidavits and supporting materials, to determine whether it has jurisdiction." *Anders v. Verizon Communications Inc.*, No. 16-CV-5654, 2018 WL 2727883, at *5 (S.D.N.Y. 2018) (citation omitted).

## STANDARD OF REVIEW

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). "[A] plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's *prima facie* showing may be established solely by allegations." *Dorchester Financial Securities, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013) (citation omitted). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Seetransport Wiking Trader Schiffahrtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993). Nevertheless, "we will not draw argumentative inferences in the plaintiff's favor, nor must we accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotations marks and citations omitted). "The plaintiff [in opposing a 12(b)(2) motion] cannot rely merely on conclusory statements or allegations; rather, the prima facie showing must be 'factually supported.'" *Yellow Page Solutions, Inc. v. Bell Atlantic Yellow Pages Co.*, No. 00-CV-5663, 2001 WL 1468168, at *3 (S.D.N.Y. 2001) (citation omitted).

## DISCUSSION

The Court addresses personal jurisdiction in a two-step inquiry. First, the Court applies "the forum state's personal jurisdiction rules" because "this is a federal question case where [the] defendant resides outside the forum state, . . . [and the relevant] federal statute does not specifically provide for national service of process[.]" *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013) (citation omitted). Thus, the Court turns to New York law. Second, the Court considers

3

"whether an exercise of jurisdiction under th[is] law[] is consistent with federal due process requirements." *Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005).

Plaintiff argues that the Court has personal jurisdiction over Defendant under N.Y. C.P.L.R. §§ 302(a)(1) and 302(a)(3). In construing the facts in the light most favorable to Plaintiff while disregarding any conclusory allegations, the Court disagrees.

## I.     C.P.L.R. § 302(a)(1)

"To make a prima facie showing of jurisdiction pursuant to section 302(a)(1), a plaintiff must establish, first, that defendant transacted business within the state of New York, and second that this action arises from that transaction of business." *Royalty Network v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 417 (S.D.N.Y. 2009). To "transact business" within the state, the defendant must have "purposefully avail[ed] himself of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws." *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986) (alterations and citation omitted). Section 302(a)(1) is a "single act statute," where "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988) (citation omitted). Otherwise, if the "totality of all defendant's contacts with the forum state . . . indicate that the exercise of jurisdiction would be proper[,]" then no single event or contact needs to be demonstrated. *CutCo*, 806 F.2d at 365. "Ultimately, 'it is the quality of the defendant's New York contacts that is the primary consideration' when determining whether jurisdiction is appropriate under § 302(a)(1)." *DH Services, LLC v. Positive Impact, Inc.*, No. 12-CV-6153, 2014 WL 496875, at *3 (S.D.N.Y. 2014)

(alterations omitted) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 62 (2d Cir. 2012).

Defendant argues that under Section 302(a)(1), jurisdiction does not exist because for websites, "mere availability of the site to users in New York, standing alone, does not amount to transacting business in the state for purposes of section 302(a)." *Royalty Network*, 638 F. Supp. 2d at 418. Rather, the "exercise of personal jurisdiction . . . is 'directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet.'" *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000) (quoting *K.C.P.L., Inc. v. Nash*, No. 98-CV-3773, 1998 WL 823657, at *5 (S.D.N.Y. 1998)). For internet-based personal jurisdiction cases, the Second Circuit has noted that the framework set forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 2011), "may help frame jurisdictional inquiry." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 252 (2d Cir. 2007). *Zippo* described a sliding scale of interactivity where

> [a]t one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. . . . A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Zippo*, 952 F. Supp. at 1124 (citations omitted).

Although Defendant's Website is not one that "clearly does business over the Internet[,]" it arguably falls in the middle ground of the *Zippo* spectrum. Courts have repeatedly found that websites in the middle ground of the *Zippo* spectrum have "a level of interactivity that extends well beyond merely making information available to visitors[,]" but are not "fully 'interactive' for

5

jurisdictional purposes because they 'neither sell goods or services through their website nor charge membership fees to their registered users.'" *Royalty Network*, 638 F. Supp. 2d at 419 (citations and alterations omitted). The Website here does more than provide information about Jersey Strong, as users can manage gym memberships, request free gym passes, and apply to advertise in the gyms, as well read or view materials about exercising and staying healthy. It does not, however, sell goods or services or charge membership fees to the Website's users. Assuming that the Website falls in the middle of the spectrum, the "jurisdictional inquiry requires closer evaluation of its contacts with New York residents" to determine if Defendant engaged in purposeful activity in New York. *Id.*

Plaintiff has not made a prima facie showing that Defendant engaged in "purposeful activity" in New York through its Website. Although the Website is "available nationally[,] . . . there is nothing to suggest that [D]efendant somehow purposefully directed the website towards New York State in particular." *Rescuecom Corp. v. Hyams*, 477 F. Supp. 2d 522, 530 (N.D.N.Y. 2006) (citing *Seldon v. Direct Response Technologies, Inc.*, No. 03-CV-5381, 2004 WL 691222, at *5 (S.D.N.Y. 2004)). In fact, the Website is purposefully directed toward New Jersey—and only New Jersey. All of Defendant's gyms are in New Jersey and all commercial transactions resulting from the Website are directly tied to these physical gyms. In *DH Services, LLC v. Positive Impact, Inc.*, this Court held that an interactive website posting did not confer jurisdiction because a New York user would need to physically travel to an event in Georgia to carry out the business transactions. No. 12-CV-6153, 2014 WL 496875, at *6. Here, a New York user would similarly need to travel to a Jersey Strong gym in New Jersey to acquire a membership, redeem the free gym pass, or view the in-gym advertisements. The Court thus finds that Plaintiff has failed to make a showing that, through its Website, Defendant has "transacted business in such a way that it

6

constitutes purposeful activity[.]" *Megna v. Biocomp Laboratories Inc.*, 166 F. Supp. 3d 493, 497 (S.D.N.Y. 2016) (citing *DNT Enterprises, Inc., v. Technical Systems*, 333 Fed. Appx. 611, 613 (2d Cir. 2009)).

Plaintiff also provides no evidence that any New York user transacted business through the Website. Although Plaintiff alleges that Defendant "sells to tens of millions of people" through the site, Compl. ¶ 29, the Court disregards this conclusory allegation, which only vaguely implies that Defendant transacts business in New York. *See In re Terrorist Attacks*, 714 F.3d at 673. Indeed, it is undisputed that Defendant does not maintain any gym memberships for New York citizens, solicit advertisements from New York companies, or derive any revenue from New York. Reply 1–3.

The Court thus finds that Defendant does not transact business in New York through the Website, and is not subject to jurisdiction under § 302(a)(1).

## II.     C.P.L.R. § 302(a)(3)

Section 302(a)(3) of the C.P.L.R. extends personal jurisdiction over a foreign defendant if the defendant "commits a tortious act without the state causing injury to person or property within the state, . . . if he (i) regularly does or solicits business, or engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3).

Here, even assuming that Plaintiff has plausibly alleged the commission of a tortious act of discrimination outside New York causing him injury inside the state, he fails to make a prima facie showing of jurisdiction under either prong of C.P.L.R. § 302(a)(3). On the first prong, to show that Defendant expected or reasonably expected that its tortious acts would have

7

consequences in New York, Plaintiff must demonstrate "'tangible manifestations' of . . . [D]efendant's intent to target New York, or . . . 'concrete facts known to the nondomiciliary that should have alerted it' to the possibility of being brought before a court in the Southern District of New York." *Royalty Network*, 638 F. Supp. 2d at 414 (quoting *American Network, Inc. v. Access America/Connect Atlanta, Inc.*, 975 F. Supp. 494, 497–98 (S.D.N.Y. 1997)). Plaintiff alleges only that the Website is accessible in New York and across the United States. This is insufficient to confer personal jurisdiction. "[T]he fact that the website can be viewed in New York, standing alone, does not mean that the Defendant reasonably expected that its allegedly tortious actions would have consequences in New York State." *A.W.L.I. Group, Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 573 (E.D.N.Y. 2011). On the second prong, Plaintiff alleges that Defendant "derives substantial revenue from interstate commerce." Pl. Mem. at 4. "Conclusory allegations," however, are not enough to establish personal jurisdiction. *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003). In disregarding this allegation, the Court observes that Plaintiff has made no specific factual allegations as to how Defendant conducts interstate commerce with New York. Nor does Plaintiff offer any specific factual allegations that Defendant solicits, does business, or engages in any persistent course of conduct in New York. The law is clear that the fact that users in New York that can access a defendant's website "does not establish the sort of persistent course of conduct in the state fairly to require [a party] to answer in New York for their out-of-state actions in maintaining the website." *Girl Scouts of U.S. v. Steir*, 102 Fed. App'x 217, 220 (2d Cir. 2004).

The Court thus finds that Plaintiff has failed to make a prima facie showing of personal jurisdiction under § 302(a)(3) over Defendant.

8

### III. Plaintiff's Request for Jurisdictional Discovery

In the alternative, Plaintiff requests jurisdictional discovery with the hope of finding evidence supporting a finding of jurisdiction. But "[a] party seeking jurisdictional discovery, like a party seeking other kinds of discovery, bears the burden of showing necessity." *Molchatsky v. U.S.*, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011). Jurisdictional discovery may be appropriate where the "plaintiff has identified a genuine issue of jurisdictional fact." *Daventree Ltd. V. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (citation omitted). Where a plaintiff fails to demonstrate a prima facie case for jurisdiction, however, it is within the court's discretion to deny jurisdictional discovery. *See Best Van Lines*, 490 F.3d at 255.

Here, Plaintiff has failed to carry his burden of showing the need for jurisdictional discovery. Plaintiff requested discovery as to whether Defendant maintains bank accounts in New York, whether it contracted with New York companies to design the Website, whether New York residents registered with the gym, and whether it contracted with New York companies to generate advertising revenue. In response, Defendant submitted a declaration with factual assertions that eliminates the need for jurisdictional discovery. Defendant has declared that it does not (1) maintain bank accounts in New York; (2) contract with New York companies to design the website; (3) maintain gym memberships for any New York residents, or (4) solicit New York companies to advertise or derive advertising revenue from New York companies. Def. Decl. ¶¶ 2–7. "[J]urisdictional discovery is not permitted where, as here, the defendant submits an affidavit that provides all the necessary facts and answers all the questions regarding jurisdiction." *A.W.L.I. Group*, 828 F. Supp. 2d at 575. The Court thus finds that "additional discovery would not uncover unknown facts or cure deficiencies in the Plaintiff's pleading," *id.*, and denies the motion for jurisdictional discovery.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. The Clerk of Court is respectfully directed to terminate the motion located at docket number 17 and close this case.

SO ORDERED.

Dated: July 12, 2019
       New York, New York

_____
Ronnie Abrams
United States District Judge